UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROBERT E. BROWN,

                 Plaintiff,                1:12-cv-1615
                                                                      (GLS/RFT)

        v.

ATTORNEY GENERAL et al.,

                 Defendants.
_____

**APPEARANCES:**                           **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Robert E. Brown
Pro Se
1024 Walnut Street
Wilmington, DE 19801

**FOR THE DEFENDANTS:**
HON. ERIC T. SCHNEIDERMAN       CATHY Y. SHEEHAN
New York State Attorney General        Assistant Attorney General
The Capitol
Albany, New York 12224

**Gary L. Sharpe**
**Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff *pro se* Robert E. Brown commenced this action against

defendants the Attorney General[1] and New York State Court of Appeals (NYCOA) for their allegedly unconstitutional denial of Brown's application for admission to practice law without examination in the state of New York, and seeks an order directing his admission to the bar and damages. (Compl., Dkt. No. 1.)[2] Pending is defendants' pre-answer motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6). (Dkt. No. 15.) For the reasons that follow, the motion is granted and Brown's complaint is dismissed.

## II. **Background**[3]

Brown, who identifies himself as African American, made an application on June 25, 2012 for admission to practice law without examination in New York to the NYCOA. (Compl. at 4.) On July 6, 2012,

---

[1] While not clear from the caption alone, as expanded upon in the complaint, "Attorney General" is the New York State Attorney General Eric T. Schneiderman. (Compl. at 5, Dkt. No. 1.)

[2] Defendants initially seek dismissal on the basis that, because Brown filed a petition for a writ of mandamus, which has been abolished by Fed. R. Civ. P. 81(b), his action is facially infirm. (Dkt. No. 15, Attach. 1 at 2-3.) Though styled as a petition for a writ of mandamus, Brown's pleading, liberally construed, is a civil rights complaint and will be analyzed as such. (Compl. at 1-2.)

[3] The facts are drawn from Brown's complaint and presented in the light most favorable to him.

Brown's application for admission was denied by the NYCOA. (*Id.* at 5.) Thereafter, Brown filed a complaint and amended complaint with the New York Attorney General regarding the NYCOA's denial of his application for admission to the bar.[4] (*Id.* at 5-6.) No action was taken by the Attorney General on the complaints Brown filed. (*Id.* at 5.)

### III. Standard of Review

The standard of review under Rules 12(b)(1) and 12(b)(6), which are "substantively identical," *Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 128 (2d Cir. 2003), are well settled and will not be repeated. For a full discussion of those standards, the parties are referred to the court's decisions in *Unangst v. Evans Law Assocs., P.C.*, 798 F. Supp. 2d 409, 410 (N.D.N.Y. 2011), and *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010), respectively.

### IV. Discussion

Defendants contend that the claims asserted against the NYCOA

---

[4] The complaint alleges that the Attorney General received the original complaint on July 28, 2012, and the amended complaint on October 5 or 8, 2012. (Compl. at 5-6.) The complaint and amended complaint are referred to as "No. 13-1426" and "No. 12-1426," respectively. (*Id.*)

3

should be dismissed for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. (Dkt. No. 15, Attach. 1 at 3-5.) Among other arguments, defendants allege that the Attorney General is immune from the claims asserted against him by virtue of the Eleventh Amendment. (*Id.* at 7-8.) Brown's responses[5] merely reiterate the allegations in his complaint.[6] (Dkt. Nos. 16, 18.) The court agrees with defendants that dismissal is required.

Before passing upon the merits of defendants' motion, the court must determine what claims Brown has alleged against them. Construing Brown's complaint liberally, as it must, *see Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006), the court discerns alleged violations of 42 U.S.C. § 1983 and 42 U.S.C. § 1985 by virtue of the

---

[5] Brown filed two documents in opposition to defendants' motion. (Dkt. Nos. 16, 18.) The later filed is duplicative of the former, but both were considered by the court.

[6] As if it has any impact on defendants' motion, Brown also contends that Magistrate Judge Randolph F. Treece "presiding over two separate cases involving the same parties constitutes [sic] violation [sic] Title 18 USC § 3 (Accessory after the Fact), 18 USC § 4 (Misprison of Felony) and Canon 3, (E) (1), (a), (b), (Disqualification)." (Dkt. No. 16 at 4; Dkt. No. 18 at 6, 15.) This assertion, which has no bearing on defendants' motion, is totally absurd and will not be addressed further.

4

NYCOA's denial of Brown's admission to the bar based upon his race and religion, and the Attorney General's failure to do anything about it for the same impermissible reasons. (Compl. at 2, 4.) Brown seeks equitable relief in the form of an order requiring his admission to the bar, and monetary damages in the amount of $200,000. (*Id.* at 9.)

Under the *Rooker-Feldman* doctrine, federal courts other than the Supreme Court of the United States "lack jurisdiction to review state judicial decisions." *Ghent v. New York*, 164 F.3d 617, 1998 WL 650575, at *3 (2d Cir. 1998); *see D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). As applicable here, the court is without jurisdiction if: (1) the state proceeding for which Brown seeks review is judicial in nature; and (2) Brown seeks "review of the particular application of the state bar rules to his case rather than review of the facial validity of those rules." *Ghent*, 1998 WL 650575, at *3.

The first of these salient questions has been answered by the Second Circuit in a case on virtually identical facts. In *Ghent*, where the plaintiff claimed civil rights violations emanating from the denial of his application for admission without examination to the bar, the Second

5

Circuit determined that the NYCOA was "asked to consider Ghent's [application] and its particular circumstances," which it called the very "hallmark of judicial action." *Id.* On the second question, there is no doubt that Brown is challenging the application of the rules for admission as applied to him, and is not making a facial challenge to 22 N.Y.C.R.R. § 520.10. (Compl. at 3-9.) Accordingly, this court lacks subject matter jurisdiction to review the NYCOA's denial of Brown's application for admission to the New York bar, and Brown's claims against the NYCOA are dismissed.

The claims as against the Attorney General are dismissed for a different reason. "[A]bsent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State," or against "state agents and state instrumentalities that are, effectively, arms of the state." *Monreal v. New York*, 518 F. App'x 11, 12 (2d Cir. 2013) (internal quotation marks and citations omitted). "[A] plaintiff may avoid the Eleventh Amendment bar to suit and proceed against individual state officers, as opposed to the state, in their official capacities, provided that his complaint[:] (a) alleges an ongoing violation of federal law[;] and (b) seeks relief properly characterized as prospective." *Clark v. DiNapoli*, 510 F.

App'x 49, 51 (2d Cir. 2013) (internal quotation marks and citation omitted). Here, Brown sued the Attorney General in his official capacity, and it is clear that the Eleventh Amendment bars Brown's claims against the Attorney General.[7] (Compl. at 3.)

Finally, although in all cases "[t]he court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), and "a *pro se* litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim," *Matima v. Celli*, 228 F.3d 68, 81 (2d Cir. 2000) (internal quotation marks and citations omitted), leave to amend need not be granted, however, when amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Given the legal impediments standing in the way of Brown's claims, amendment would not rehabilitate his complaint. Moreover, Brown's motion for a stay and injunction, which appears to be wholly unrelated to the facts of this action,

---

[7] Because the Attorney General is without the ability to effectuate the prospective relief sought in the complaint, *see* 22 N.Y.C.R.R. § 520.1(a) ("A person shall be admitted to practice law in the courts of the State of New York *only by an order of the Appellate Division of the Supreme Court* upon compliance with [part 520]." (emphasis added)); *id.* § 520.10(a), (d) (granting to the Appellate Division the discretion to admit to practice without examination), the inclusion of a demand for prospective relief by Brown does not avoid the bar imposed by the Eleventh Amendment.

(Dkt. No. 19), is denied as moot.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that defendants' motion to dismiss (Dkt. No. 15) is **GRANTED**; and it is further

**ORDERED** that Brown's complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that Brown's motion for a stay and injunction (Dkt. No. 19) is **DENIED** as moot; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

September 24, 2013
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court